FILED _____ LODGED
_____ RECEIVED

OCT 21 2009

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
                                        DEPUTY

09-CV-05662-CMP

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| FAMILY PAC, | No. C09 5662 RBL |
|---|---|
| Plaintiffs, | VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| vs. | |
| SAM REED, in his official capacity as Secretary of State of Washington, ROB MCKENNA, in his official capacity as Attorney General of Washington, JIM CLEMENTS, DAVID SEABROOK, JANE NOLAND, and KEN SCHELLBERG, members of the Public Disclosure Commission, in their official capacities, and, CAROLYN WEIKEL, in her official capacity as Auditor of Snohomish County, Washington, | |
| Defendants. | |

Family PAC complains and alleges as follows:

## Introduction

1.  This is a civil action for declaratory and injunctive relief arising under the First and Fourteenth Amendments to the Constitution of the United States.

Verified Complaint                          1                    BOPP, COLESON & BOSTROM
                                                                 1 South Sixth Street
                                                                 Terre Haute, Indiana 47807-3510
                                                                 (812) 232-2434

2. This case concerns the pre-enforcement, facial and as-applied constitutional challenge to Washington's Public Disclosure Law, Wash. Rev. Code ("RCW") § 42.17.010, *et seq.* ("PDL"). Plaintiff seeks declaratory and injunctive relief with respect to portions of the PDL because they violate the First Amendment to the United States Constitution, as incorporated by virtue of the Fourteenth Amendment to the United States Constitution. Consequently, each is unconstitutional on its face and as applied to Plaintiff Family PAC.

3. Plaintiff Family PAC challenges the PDL's threshold for reporting contributions, RCW § 42.17.090(1)(b), both facially and as-applied to it, on the ground that the threshold is not narrowly tailored to serve a compelling government interest in violation of the First Amendment to the United States Constitution.

4. Plaintiff Family PAC also challenges the PDL's $5,000 campaign contribution limit during the twenty-one days preceding a general election, RCW § 42.17.105(8), both facially and as-applied to it, on the grounds that it is not narrowly tailored to serve a compelling government interest in violation of the First Amendment to the United States Constitution. *See Citizens Against Rent Control v. City of Berkeley*, 454 U.S. 290, 299-300 (1981) ("*CARC*") (holding that contribution limits are unconstitutional in the context of a referendum election).

5. Given the nature of the rights asserted, the failure to obtain injunctive relief from this Court will result in immediate and irreparable injury to Plaintiff.

## Jurisdiction and Venue

6. This case raises questions under the Constitution of the United States and 42 U.S.C. § 1983, and thus this Court has jurisdiction over all claims for relief pursuant to 28 U.S.C. §§ 1331 and 1343(a).

7. This Court also has jurisdiction under the Declaratory Judgment Act. *See* 28 U.S.C. §§ 2201, 2202.

8. The Western District of Washington is the proper venue for this case pursuant to 28 U.S.C. § 1391(b) because Defendant Reed resides in this district and Plaintiff Family PAC has its principal place of business in this district.

**Verified Complaint**                                    2                                    BOPP, COLESON & BOSTROM
                                                                                                     1 South Sixth Street
                                                                                              Terre Haute, Indiana 47807-3510
                                                                                                        (812) 232-2434

## Parties

9. Plaintiff Family PAC is a State Continuing Political Committee organized pursuant to RCW § 42.17.040, that is a "political committee . . . of continuing existence not established in anticipation of any particular election campaign" (RCW § 42.17.020(14) (definition of "continuing political committee") and has its principal place of business in Snohomish County, Washington. It intends to support traditional family values in Washington State by soliciting and receiving contributions, and by making contributions and expenditures to support or oppose ballot propositions in the 2009 election and beyond. Its initial project is to support referendum 71 on SB 5688 and to encourage voters to reject SB 5688. In the future, it will only support or oppose ballot measures, not candidates.

10. Defendant Sam Reed is the Secretary of State of Washington. In his official capacity, Defendant Reed is responsible for receiving referendum petitions pursuant to RCW § 29A.72.010. The Office of the Secretary of State is also designated as a place where the public may file papers or correspond with the Public Disclosure Commission and receive any form or instruction from the Commission. RCW § 42.17.380.

11. Defendant Rob McKenna is the Attorney General for the State of Washington. In his official capacity, Defendant McKenna is charged with supplying such assistance as the Public Disclosure Commission may require. RCW § 42.17.380. Defendant McKenna is also granted the authority to investigate and bring civil actions on behalf of the state for any violations of the PDL. RCW § 42.17.400.

12. Defendant Jim Clements is the Chair of the Public Disclosure Commission. Defendant Clements is sued in his official capacity and is subject to the jurisdiction of this Court. Defendants David Seabrook, Jane Noland, and Ken Schellberg are commissioners of the Public Disclosure Commission. They are sued in their official capacity. The Public Disclosure Commission is granted the authority to enforce the PDL, RCW § 42.17.360(7).

13. Defendant Carolyn Weikel is the Auditor of Snohomish County, Washington. In her official capacity, Defendant Weikel is charged with receiving copies of reports filed by Plaintiff Family PAC. RCW §§ 42.17.040(1), 42.17.040(2).

## Facts

14. Pursuant to Wash. Const. art. II, § 1(b), the referendum power is reserved by the people of Washington State.

15. The referendum power grants Washington citizens the right to call a referendum on any act, bill, law, or any part thereof passed by the legislature by submitting a petition to that effect to the Secretary of State. Wash. Const. art. II, § 1(b).

16. If a petition submitted to the Secretary of State contains at least four percent of the votes cast for the office of governor at the last gubernatorial election preceding the filing of the referendum petition, the effective date of the act, bill, law, or any part thereof is delayed until the electorate has an opportunity to vote on the referendum. Wash. Const. art. II, §§ 1(b), (d).

17. An act, bill, law, or any part thereof, subject to a referendum, becomes law only if a majority of the votes cast are in favor of the referendum. Wash. Const. art. II, § 1(d).

18. On January 28, 2009, Washington State Senator Ed Murray introduced Senate Bill 5688 ("SB 5688"), a bill designed to expand the rights, responsibilities, and obligations accorded state-registered same-sex and senior domestic partners to be equivalent to those of married spouses. The legislation is commonly referred to simply as the "everything but marriage" domestic partnership bill.

19. On March 10, 2009, after various amendments, the Washington Senate passed Second Substitute Senate Bill 5688.

20. On April 15, 2009, the Washington House of Representatives passed Second Substitute Senate Bill 5688.

21. On or about October 21, 2009, Family PAC organized as a State Continuing Political Committee pursuant to RCW § 42.17.040.

22. Family PAC's general purpose is to support traditional family values in Washington State by soliciting and receiving contributions, and by making contributions and expenditures to support or oppose ballot propositions in the 2009 election and beyond. Its initial project is to support referendum 71 on SB 5688 and to encourage voters to reject SB 5688.

23. Joseph Backholm is the campaign manager of Family PAC.

24. On May 18, 2009, Washington Governor Christine Gregoire signed Engrossed Second Substitute Senate Bill 5688.[1]

25. On July 25, 2009, a petition with over 138,500 signatures was submitted to Defendant Reed, exceeding the number of signatures necessary to place a referendum question on the ballot.

26. SB 5688 will become law only if a majority of Washington residents vote to "approve" the bill at the next general election.

27. Persons intend – now and in the future – to contribute more than $5,000 to Family PAC during the twenty-one days preceding the election, and Family PAC intends – now and in the future – to receive contributions in excess of $5,000 during the twenty-one days preceding the election. Family PAC will not accept such contributions as long as Washington law prohibiting such contributions is not enjoined. RCW § 42.17.105(8).

28. Potential donors to Family PAC have indicated that they are unwilling to donate if Family PAC is required to report their name and address pursuant to the PDL.

29. Family PAC intends – now and in the future – to accept contributions in excess of $25 and is required to report the name and address of those contributors. Family PAC will report the names and addresses of contributors as long as Washington law requiring such reporting is not enjoined.

30. Family PAC intends – now and in the future – to accept contributions in excess of $100 and is required to report the occupation, employer, and employer's address of those contributors. Family PAC will report the occupation, employer, and employer's address of contributors as long as Washington law requiring such reporting is not enjoined.

**The Washington Public Disclosure Law**

31. The PDL defines a "political committee" in relevant part as "any person having the expectation of receiving contributions or making expenditures in support of, or opposition to, any candidate or any ballot proposition." RCW § 42.17.020(39).

32. "Ballot proposition" is defined in relevant part as "any . . . initiative, recall, or

---

[1] The enacted legislation subject to the referendum petition will be referred to simply as SB 5688.

referendum proposition proposed to be submitted to the voters of the state." RCW § 42.17.020(4).

**33.** "Person" is defined as "an individual, partnership, joint venture, public or private corporation, association, federal, state, or local governmental entity or agency however constituted, candidate, committee, political committee, political party, executive committee thereof, or any other organization or group of persons, however organized." RCW § 42.17.020(36).

**34.** "Contribution" is defined broadly and includes legal and professional services performed on a *pro bono* basis to a political committee. RCW § 42.17.020(15); Wash. Admin. Code 390-17-405(2). *See also* Public Disclosure Commission, *2009 Campaign Disclosure Instructions*, at 24 & 31 (July 2009).

**35.** Family PAC and major donors are required to file reports with the Public Disclosure Commission and the local county auditor or elections officer. *See, e.g.*, RCW §§ 42.17.040(1) & 42.17.080(1).

**36.** The Public Disclosure Commission is required to keep copies of reports for ten years. RCW § 42.17.450. All other recipients of reports (*i.e.* county auditor or elections officer) are required to keep copies for six years. RCW § 42.17.450.

**37.** All statements and reports filed in accordance with the PDL are public records of the agency where they are filed and must be made available to the public during normal business hours. RCW § 42.17.440.

**38.** Pursuant to RCW § 42.17.367, the Public Disclosure Commission is required to make copies of all statements and reports available on the internet. *See also* http://www.pdc.wa.gov/QuerySystem/Default.aspx.

**39.** RCW § 42.17.090 provides, in relevant part, that each report required under RCW § 42.17.080 shall disclose:

> the *name and address* of each person who has made one or more contributions during the period, together with the money value and date of such contributions and the aggregate value of all contributions received from each such person during the campaign . . . PROVIDED FURTHER, That contributions of no more than twenty-five dollars in the aggregate from any one person during the election campaign may be reported as one lump

sum so long as the campaign treasurer maintains a separate and private list of the name, address, and amount of each such contributor . . . .

RCW § 42.17.090 (emphasis added).

40. Pursuant to Wash. Admin. Code 390-16-034, all reports required under RCW § 42.17.080 shall also disclose the occupation, employer's name, and employer's address of each person who has made one or more contributions in the aggregate amount of more than $100. Wash. Admin. Code 390-16-034 (emphasis added).

41. Furthermore, the PDL provides that:

> it is a violation of this chapter for any person to make, or for any candidate or political committee to accept from any one person, contributions reportable under RCW 42.17.090 in the aggregate . . . exceeding five thousand dollars for any other campaign subject to the provisions of this chapter within twenty-one days of a general election.

RCW § 42.17.105(8).

42. Any person who violates a provision of the PDL is subject to civil fines and sanctions. RCW § 42.17.390. The PDL authorizes treble damages, RCW § 42.17.400(5), and provides that the State may be awarded attorney's fees and costs of investigation and trial in a successful action. RCW § 42.17.400(5).

43. Plaintiff has suffered, or will suffer, irreparable harm if the requested relief is not granted.

44. Plaintiff has no adequate remedy at law.

## Legal Arguments Common to Plaintiff's Claims

45. "The First Amendment is the pillar of a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open . . . ." *Mont. Right to Life v. Eddlemann*, 999 F. Supp. 1380, 1384 (D. Mont. 1998).

46. "In the free society ordained by our Constitution it is not the government, but the people—individually as citizens and candidates and collectively as associations and political committees—who must retain control over the quantity and range of debate on public issues in a political campaign." *Buckley v. Valeo*, 424 U.S. 1, 57 (1976).

47. In *Buckley*, the Supreme Court held that any significant encroachment on First Amendment rights, such as those imposed by compelled disclosure provisions, must survive

Verified Complaint    7    BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807-3510
(812) 232-2434

1  exacting scrutiny, which requires the government to craft a narrowly tailored law to serve a compelling government interest. *Buckley*, 424 U.S. at 64.

**48.** The Supreme Court has recognized that the principles applied in *Buckley* apply as forcefully to activities surrounding the referenda process. *See Buckley v. Am. Constitutional Law Found.*, 525 U.S. 182, 192 (1999) ("*ACLF*") ("[T]he First Amendment requires us to be vigilant in making those judgments, to guard against undue hindrances to political conversations and the exchange of ideas. We therefore detail why we are satisfied that . . . the restrictions in question significantly inhibit communication with voters about proposed political change, and are not warranted by the state interests (administrative efficiency, fraud detection, informing voters) alleged to justify those restrictions.") (internal citations omitted); *Citizens Against Rent Control v. City of Berkeley*, 454 U.S. 290, 295 (1981) ("*CARC*") (applying *Buckley*'s contribution limit analysis in the context of ballot measure elections).

**49.** The PDL also results in compelled political speech.

**50.** The Supreme Court has repeatedly reaffirmed that "compelled disclosure, in itself, can seriously infringe on privacy of association and belief guaranteed by the First Amendment." *Davis v. FEC*, 554 U.S. ___, ___, 128 S.Ct. 2759, 2774-75 (2008) (*quoting Buckley*, 424 U.S. at 64).

**51.** To survive exacting scrutiny, the PDL must be narrowly tailored to serve a compelling government interest. *Buckley*, 424 U.S. at 64).

**52.** The burden is on the State to demonstrate that the PDL are narrowly tailored to serve a compelling state interest. *Cal. Pro-Life Council, Inc. v. Randolph*, 507 F.3d 1172, 1178 (9th Cir. 2007) ("*CPLC II*") (*citing Republican Party of Minnesota v. White*, 536 U.S. 765, 774-75 (2002)).

**53.** In the context of the First Amendment, the usual deference granted to the legislature does "not foreclose [a court's] independent judgment of the facts bearing on an issue of constitutional law." *Turner Broad. Sys. v. FEC*, 512 U.S. 622, 666 (1994) (internal citations omitted). The Court's role is to ensure that the legislature "has drawn *reasonable inferences* based on *substantial* evidence." *Id.* (emphasis added).

54. The Supreme Court has stated that three governmental interests may justify campaign disclosure laws if the regulations are narrowly tailored to serve those interests. *Buckley*, 424 U.S. at 66-68 (identifying an "informational interest," a "corruption interest," and an "enforcement interest.").

55. However, *Buckley* involved only candidate elections, and the courts have clarified that the "corruption" and "enforcement" interests are inapplicable in the context of referenda elections. *First Nat'l Bank of Boston v. Bellotti*, 435 U.S. 765, 790 (1978) ("The risk of corruption perceived in cases involving candidate elections simply is not present in a popular vote on a public issue."); *Cal. Pro-Life Council, Inc. v. Getman*, 328 F.3d 1088, 1105 n. 23 (9th Cir. 2003) ("*CPLC I*") ("The interest in collecting data to detect violations also does not apply since there is no cap on ballot-measure contributions . . . .").

56. The Ninth Circuit recently held that compelled disclosure of *de minimis* support of a referenda is also unconstitutional under the First Amendment. *See Canyon Ferry Road Baptist Church of East Helena, Inc. v. Unsworth*, 556 F.3d 1021, 1033 (9th Cir. 2009).

57. The Supreme Court has also indicated that limits and thresholds that are not indexed for inflation "will almost inevitably become too low over time." *Randall v. Sorrell*, 548 U.S. 230, 261 (2006).

58. In materially similar situations in the future, Plaintiff intends to do speech materially similar to all of its planned speech such that Washington law will apply to Plaintiff as it does now.

59. In the future, it is likely that referenda regarding traditional family values will recur. It is likely that issues will arise in the future, and persons will be interested in supporting or opposing referenda, as they are in 2009, as noted above.

### Count I — The Public Disclosure Law's Requirement that Political Committees Report All Contributors of $25 or More is Unconstitutional

60. Plaintiff incorporates here by reference paragraphs one through fifty-nine (59), *supra*, as if fully set forth herein.

61. The PDL's requirement that political committees report the name and address of all contributors of more than $25, and the occupation, employer, and employer's address of contributors of more than $100, violates the First Amendment because the disclosure thresholds are not narrowly tailored to serve a compelling government interest.

62. WHEREFORE, Plaintiff request the following relief:

**a.** Declare RCW § 42.17.090 unconstitutional to the extent that it requires Family PAC and all other similar persons to report the name and address of contributors of more than twenty-five dollars;

**b.** Declare Wash. Admin. Code 390-16-034 unconstitutional to the extent that it requires a Family PAC and all other similar persons to report the occupation, employer, and employer's address of contributions of more than one hundred dollars;

**c.** Order Defendants to expunge all records containing the name, address, occupation, employer, and/or employer's address for any contributor reported pursuant to RCW § 42.17.090 and/or Wash. Admin. Code 390-16-034;

**d.** Enjoin Defendants from commencing any civil actions for failing to comply with RCW § 42.17.090(1)(b) or Wash. Admin. Code 390-16-034;

**e.** Grant Plaintiff Family PAC its costs and attorneys fees under 42 U.S.C. § 1988 and any other applicable authority; and

**f.** Any and all other such relief as may be just and equitable.

**Count II — The Public Disclosure Law's Prohibition on Aggregate Contributions Exceeding $5,000 to a Single Political Committee During the Twenty-One Days Preceding an Election is Unconstitutional As Applied to Referenda Elections**

63. Plaintiffs incorporate here by reference paragraphs one through sixty-two (62), *supra*, as if fully set forth herein.

64. Any and all contribution limits on contributions to committees formed to support or oppose ballot measures submitted to popular vote contravene the First Amendment rights of association and expression. *Citizens Against Rent Control v. City of Berkeley*, 454 U.S. 290, 296 (1981) ("*CARC*").

**Verified Complaint**        10        BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807-3510
(812) 232-2434

**65.** The PDL's $5,000 contribution limit during the twenty-one days preceding a referendum elections violates the First Amendment because it is not narrowly tailored to serve a compelling government interest.

**66.** WHEREFORE, Plaintiff request the following relief:

**a.** Declare RCW § 42.17.105(8) unconstitutional to the extent that it prohibits Family PAC and all other similar persons from receiving contributions in excess of $5,000 during the twenty-one days preceding a ballot proposition election;

**b.** Enjoin Defendants from enforcing RCW § 42.17.105(8) against Family PAC and all other similar persons;

**c.** Grant Plaintiff Family PAC its costs and attorneys fees under 42 U.S.C. § 1988 and any other applicable authority; and

**d.** Any and all other such relief as may be just and equitable.

**BOPP, COLESON & BOSTROM**
**1 South Sixth Street**
**Terre Haute, Indiana 47807-3510**
**(812) 232-2434**

## Verification

I SWEAR (OR AFFIRM) UNDER THE PENALTIES FOR PERJURY UNDER THE LAWS OF THE UNITED STATES THAT THE FOREGOING STATEMENTS CONCERNING FAMILY PAC IN THIS COMPLAINT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND UNDERSTANDING.

Dated this 20th day of October, 2009.

*[signature]*

Joseph Backholm

Dated this 20th day of October, 2009.

Respectfully submitted,

*[signature]*

James Bopp, Jr. (Ind. Bar No. 2838-84)*
Barry A. Bostrom (Ind. Bar No. 11912-84)*
Randy Elf (N.Y. Bar No. 2863553)*
Sarah E. Troupis (Wis. Bar No. 1061515)*
Scott F. Bieniek (Ill. Bar No. 6295901)*
Zachary S. Kester (Ind. Bar No. 28630-49)*
BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807-3510
(812) 232-2434
*Counsel for Plaintiff*

*Pro Hac Vice Application Pending

Joseph Backholm
FAMILY POLICY INSTITUTE OF WASHINGTON
16108 Ash Way, Ste 111A
Lynnwood, Washington 98087
(425) 608-0242
*Counsel for Plaintiff*