HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FAMILY PAC,<br><br>            Plaintiff,<br><br>      v.<br><br>ROB McKENNA, et al.,<br><br>            Defendants. | CASE NO. C09-5662RBL<br><br>ORDER RE: ATTORNEY FEES |

THIS MATTER is before the Court on Plaintiff's Motion for Attorney Fees. The Court has reviewed the materials in support and against the motion. Oral argument is not necessary. The Motion is **GRANTED**.

**I. BACKGROUND**

Plaintiff brought this action under 42 U.S.C. § 1983 for declaratory and injunctive relief to prevent deprivation of the First Amendment Rights of political speech and association during ballot measure election campaigns. Federal law, specifically 42 U.S.C. § 1988 (hereinafter "§ 1988"), provides that a court may award to a prevailing party reasonable costs, expenses and attorneys' fees resulting from the litigation of this case. Alternatively, to the extent that any

expense is deemed more appropriately charged as a cost under 28 U.S.C. § 1920, plaintiff claims costs under that statute as well.

This Court granted Family PAC summary judgment on its claim that RCW 42.17.105(8)(21-day contribution limit) is unconstitutional as applied to ballot measure committees. [Dkt. #87]. On September 30, the Court amended its judgment to deny summary judgment on Family PAC's second claim regarding RCW 42.17.090 and WAC § 390-16-34 (contribution reporting thresholds), dismissing it with prejudice. [Dkt. #99]. In short, the Court upheld Washington's disclosure laws but struck the contribution limits and the timing of the contribution.

On September 16, 2010, defendants appealed the judgment on the 21-day contribution limit [Dkt. #90], and on September 20, moved in the Ninth Circuit for an emergency stay of this Court's action. *Family PAC v. McKenna*, No. 10-35832 App. [Dkt. #2]. On September 27, Family PAC filed their opposition to that motion in the Ninth Circuit, *id.* [Dkt. #5], and on September 30, cross appealed the denial of judgment that the contribution reporting threshold was also unconstitutional. [Dkt. #100].

After hearing argument on the Motion to Stay on October 5, the Ninth Circuit granted it, staying this Court's order declaring the 21-day contribution limit unconstitutional pending appeal to that Court (app. Dkt. #12).

On October 7, Family PAC filed a Motion for Reconsideration of the order granting the stay; the motion was denied the same day. (App. Nos. 13 and 14).

That same day, Family PAC filed an application with the Circuit Justice for the U.S. Court of Appeals for the Ninth Circuit to vacate the Ninth Circuit's stay of this Court's

judgment. *Family PAC v. McKenna*, No. 10A357. After ordering a response by the defendant, the application was referred to the Court on October 12 and denied the same day. *See id.*

The appeal and cross appeal were fully briefed in March 2011, and oral argument was held on November 16, 2011. On December 29, 2011, the Ninth Circuit issued its decision affirming this Court's judgment, and after withdrawing its Mandate and amending the opinion in a part not relevant to this motion, issued its Mandate on January 31, 2012. *Family PAC v. McKenna,* No. 10-35832, 2012 WL 266111 (9th Cir. Jan. 31, 2012).

Having obtained an enforceable judgment that materially alters the legal relationship between the parties, Family PAC is a prevailing party within the meaning of 42 U.S.C. § 1988. For work before this Court, attorneys' fees in the amount of $70,815.90 and expenses in the amount of $5,651.74 are sought, totaling of $76,467.64. For work before the U.S. Court of Appeals for the Ninth Circuit, attorneys' fees in the amount of $58,852.50 and expenses in the amount of $2,866.78 are sought, for a total of $61,719.28. The plaintiff has since incurred an additional 39.6 hours, worth $10,757.50, and expenses of $43.20. The total amount requested for attorneys' fees and expenses is $148,987.62.

## II. DISCUSSION

**A. Family PAC is a Prevailing Party.**

The Court may award a reasonable attorney's fee, including litigation expenses and costs, to a "prevailing party" under § 1988(b). *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A party "prevails" for purposes of § 1988 if he "succeed(s) on any significant issue in litigation which achieves some benefit the parties sought in bringing suit." *Id*. To qualify as a prevailing party, a civil rights plaintiff must obtain actual relief on the merits of his claim which "materially alters the legal relationship between the parties by modifying the defendant's behavior in a way

that directly benefits the plaintiff." *Ficher v. SJB-P.D. Inc.*, 214 F.3d 1115, 1118 (9th Cir. 2000) (internal quotation omitted).

If a prevailing party obtains actual relief on the merits of his claim he is, in effect, entitled to an award of attorney's fees under § 1988. As the Supreme Court observed, "a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render an award unjust." *Hensely*, 461 U.S. at 429.

Where a party is only partially successful, and the successful and unsuccessful claims are "distinctly different claims for relief that are based on different facts and legal theories," the hours spent on unsuccessful claims should be excluded from the reasonable-hours calculation. *Schwarz v. Secretary of Health and Human Svcs.*, 73 F.3d 895, 901 (9th Cir. 1995). Where the successful and unsuccessful claims are related, however, the Court may adjust the total fee award either by specifying particular hours to be eliminated, or by simply reducing the award to account for the limited success. *Hensley*, 461 U.S. at 436.

Family PAC's counsel has excluded from the calculation its best estimate of "reasonable hours spent . . . litigating the unsuccessful and unrelated claim." *Id*. at 902. Counsel excluded from his request the time spent for items that the billing records show as associated only with a contribution reporting threshold claim. In addition, counsel deducted for the time and expenses originally billed for work associated with, but not limited to, the successful 21-day contribution limit claim – such as research and preparation of pleadings, memoranda, and briefs in which the unsuccessful claim was addressed.

In order to arrive at an accurate reduction, counsel examined the memorandum and briefing filed by Family PAC addressing the unsuccessful claim. In the complaint, the space apportioned to the unsuccessful claim was approximately 33% of the total space; the space

attributable to the successful claim was approximately 66%.  Time and expense incurred in drafting the complaint were thus reduced by 33%.  Using the same method, the time spent on the Motion for Temporary Restraining Order and Preliminary Injunction was reduced by 64%.  Counsel asserts that these adjustments more than adequately account for plaintiff's partial success, and no other reductions are warranted.  This, at its best, is an exercise of humble decision-making.  I cannot fault plaintiff's approach to segregate time in any other way.

**B.  Fees for Appeal.**

In affirming the trial court's decision, the Court of Appeals ordered "each party shall bear its own costs on appeal."  The defendants argue this statement bars plaintiffs from recovering attorney fees for any work on the appeal.  The Court has reviewed the decision of Judge Gonzalez in *Thalheimer v. San Diego*, 2012 WL 1463635 (S.D. Cal) and agrees with its analysis and adopts it whole cloth.

Although the Ninth Circuit has not addressed the question, the circuits which have explicitly addressed the issue have concluded that costs under Rule 39 do not include attorneys' fees under fee shifting statutes such as 42 U.S.C. § 1988.  *McDonald v. McCarthy*, 966 F.2d 112, 115 (3rd Cir. 1992); *Pedraza v. United Guarantee Corp.*, 313 F.3d 1323, 1330 n. 12 (11th Cir. 2002), citing *McDonald*, 966 F.2d at 116, for the "undoubtedly" correct and "uncontroversial conclusion that attorneys' fees are not included among the 'costs' contemplated by Rule 39"; *Chemical Mfrs. Ass'n v. EPA*, 885 F.2d 1276, 1278 (5th Cir. 1989)*; Kelley v. Metropolitan County Bd. of Educ.,* 773 F.2d 677, 681 (5th Cir. 1981); *Robinson v. Kimbrough*, 652 F.2d 458, 463 (5th Cir. 1981); *Terket v. Lund*, 623 F.2d 29, 33 (7th Cir. 1980).  In each of these cases, the courts noted the term "costs" is defined both in FRAP 39 and in the authorizing statute, 28 U.S.C. § 1920, to include "normal administrative costs such as those incurred in preparing the record, filing fees, and the cost of the reporter's transcript."  *See, e.g., McDonald*, 966 F.2d at

116. "Accordingly, it would be inappropriate for this court to judicially-amend Rule 39's costs provisions to include § 1988 attorneys' fees." *Id.* (internal quotation omitted).

The state defendants argue that controlling Ninth Circuit authority holds that attorneys' fees are a part of the "costs on appeal" within the meaning of FRAP 39. In *Azizian v. Federated Department Stores, Inc.*, 499 F.3d 950 (9th Cir. 2007) the Court of Appeals examined whether attorney's fees are part of "costs on appeal" under FRCP 7. The Court noted a majority of courts had adopted a rule allowing the District Court to require a FRCP 7 bond to include appellate attorney's fees if such fees would be recoverable costs under an applicable fee-shifting statute. 499 F.3d at 955. The Court also looked at the Supreme Court's decision in *Marek v. Chesny*, 473 U.S. 1 (1985), where the Supreme Court held the term "costs" in FRCP 68 included attorney's fees awardable under 42 U.S.C. § 1988, 499 F.3d at 957. Based upon *Marek* and the decisions of the other circuits, the Ninth Circuit Court of Appeals concluded "the term 'costs on appeal' in FRCP 7 includes all expenses defined as 'costs' by an applicable fee-shifting statute, including attorney's fees." 499 F.3d at 958. The state argues FRCP 39 likewise incorporates attorney's fees as part of the "costs" where provided by the underlying substantive statute.

In *Azizian*, the Court explicitly recognized "that the costs identified in Rule 39(e) are among, but not necessarily the only, costs available on appeal." 499 F.3d at 958. Unlike FRCP 7, FRAP 39 defines costs as traditional administrative-type costs, such as preparation and transmission of the record, reporter's transcript, premiums paid for on appeals bond, and filing fees. Those costs are initially determined by the clerk, not the court, to be included in the mandate. FRAP 39(d). Furthermore, the court applies a different standard to determine whether a party is entitled to attorney's fees as a prevailing party under 42 U.S.C. § 1988, or costs under FRAP 39. For purposes of § 1988, a "prevailing party" is one who "succeeds on any significant

issue in litigation which achieves some benefit the parties sought in bringing suit." *Hensely*, 461 U.S. at 433. By contrast, an award of costs under FRAP 39 turns on whether there is a clear winner in the appeal. *Exxon Valdez v. Exxon Mobil*, 568 F.3d 1077, 1081 (9th Cir. 2009). The usual practice, when each side wins something and loses something, is to require each party to bear its own costs on appeal under FRAP 38. *Id.*

Finally, the Ninth Circuit has recognized that "[w]hen the federal statute forming the basis for the action has an express provision governing costs . . . that provision controls over the federal rules." *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001); *Ocean Conservancy, Inc. v. Nat'l Marine Fisheries Svc.*, 382 F.3d 1159, 1161 (9th Cir. 2004) (rejecting appellee's argument they were entitled to costs under FRAP 39 because the underlying federal statute, the Endangered Species Act, provided that defendants are not entitled to costs and fees unless the plaintiff's litigation was frivolous). Here, the underlying federal statute, 42 U.S.C. § 1988, provides that the court may award attorney's fees as an element of costs to a prevailing party. The defendants do not dispute that plaintiffs were the "prevailing party" within the meaning of § 1988 on the appeal. Therefore, the Court concludes the statement in the mandate, that each party is to bear its own costs on appeal, does not bar plaintiffs from recovering their attorney's fees for the hours spent on the appeal.

**C. Failure to Disclose Legal Services as Required by State Law.**

Defendants argue that Section 1988 should not be applied "woodenly without consideration of the underlying factors which generated it." *Buxton v. Patel*, 595 F.2d 1182, 1184 (9th Cir. 1979), *quoting Zarcone v. Perry*, 581 F.2d 1039, 1044 (2nd Cir. 1978). A court may deny an award of attorney's fees to a prevailing party under § 1988 when special circumstances exist sufficient to render an award unjust. *Hensley*, 416 U.S. at 429; *Thomas v. City of Tacoma*, 410 F.3d 644, 648 (9th Cir. 2005); *see also Mendez v. County of San Bernadino*,

ORDER RE: ATTORNEY FEES - 7

Case 3:09-cv-05662-RBL Document 139 Filed 07/05/12 Page 8 of 15

540 F.3d 1109, 1126 (9th Cir. 2008). "In applying the special circumstances exception, we focus on two factors: '(1) whether allowing attorney fees would further the purposes of § 1988, and (2) whether the balance of equities favors or disfavors the denial of fees.'" *Thomas*, 410 F.3d at 648, *citing Gilbrook v. City of Westminster*, 177 F.3d 839, 878 (9th Cir. 1999). This is a "two-pronged test." *Democratic Party of Washington State v. Reed*, 388 F.3d 1281, 1285 (9th Cir. 2004). The application of this test determines whether the equities disfavor an award of fees under § 1988 and justify denial of such a request. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 490-91 (9th Cir. 1988), *cert. denied*, 110 S. Ct. 757 (1990) (Court found "the balance of equities in this case strongly disfavors the award of attorneys' fees on appeal," without specific description of what those circumstances were); *Aho v. Clark*, 608 F.2d 365 (9th Cir. 1979) (court found denial of attorney's fees appropriate where relief achieved through consent decree made no mention of fees and awarding fees nevertheless would be "unjust" and "unduly harsh" given timing issues in the case); *see also Steward v. Donges*, 979 F.2d 179, 184-85 (10th Cir. 1992) (Court found special circumstances existed that prohibited attorneys fees award related to trial and trial preparation, where trial was voided due to lack of jurisdiction and awarding fees would be "unjust to the Defendant," noting that "[t]he presence of special circumstances usually results in the award of no fees at all."); *Image Technical Service, Inc. v. Eastman Kodak, Co.,* 136 F.3d 1354 (9th Cir. 1998) (court denied certain fees in antitrust case given "exceptional circumstances" concerning an ethical conflict by legal counsel); *Resurrection Bay Conservation Alliance v. City of Seward*, 640 F.3d 1087 (9th Cir. 2011) (while acknowledging special circumstances exception is narrow, Court listed examples of cases where attorney's fees were denied under that standard including case where plaintiff failed to tailor her fee request to reflect she had been strikingly unsuccessful at trial).

1  　　　　　The State does not dispute that under the first factor of the test, in general, allowing some
2  reasonable attorney's fees to a prevailing party tied to claims it actually prevailed upon in a
3  §1988 action, if the request is submitted consistent with relevant case law, furthers the purposes
4  of § 1988.  However, the defendants argue the balance of equities here favors the denial of fees,
5  when the second factor is considered.
6  　　　　　As described, state law requires political committees to register and file regular reports of
7  contributions and expenditures, thus disclosing that information to the public.  State law defines
8  "contribution" to include, among other things, a donation, advance, pledge, payment, or anything
9  of value, including personal and professional services for less than full consideration, and an
10 expenditure made by a person in cooperation, consultation, or concert with, or at the request or
11 suggestion of a political committee.  RCW 42.17A.005 (13) (former 42.17.020(13)).  Among
12 other things, an expenditure includes a payment, contribution, advance, or gift of money or
13 anything of value, and includes a contract, promise, or agreement whether or not legally
14 enforceable, to make an expenditure.  "Expenditure" also includes a promise to pay, a payment,
15 or a transfer of anything of value in exchange for services.  RCW 42.17A.005 (2) (former
16 42.17.005(22)).  Incurred legal services not yet paid for are reportable as debts owed.  Donated
17 legal services to and costs advanced on behalf of political committees such as Family PAC are
18 reportable contributions, and expenditures for legal services are likewise reportable.
19 　　　　　Family PAC asks this Court to award it $139,267.62 in attorneys' fees and expenses
20 despite its apparent failure to comply since 2009 (and continuing to this day) with the law
21 requiring it to report such contributed legal services and expenditures.  The defendants argue that
22 Family PAC seeks an order from this Court requiring the State taxpayers to pay for contributions
23 and expenditures Family PAC hid from them.
24

Nothing was hidden from the people who really needed to know – the defendants. The make-weight argument over the disclosure requirements does not tip the balance of equities in favor of defendants. Courts of this Circuit "narrow[ly] interpret[ ] the 'special circumstances' standard," *Resurrection Bay Conservation Alliance v. City of Seward, Alaska*, 640 F.3d 1087, 1092 (9th Cir. 2011), and defendants concede that the first factor of the analysis, whether a fee award here "would further the purposes of § 1988," *Thomas v. City of Tacoma*, 410 F.3d 644, 648 (9th Cir. 2005), advises against finding a special circumstance. The fees and costs will be awarded.

**D. Federal Courts Employ the Lodestar Calculation to Determine Appropriate Attorneys' Fees Under § 1988.**

Applicants bear the burden of proving a reasonable attorney's fee. *Hensley*, 461 U.S. at 437. They must establish both their entitlement to an award and the amount to which they are entitled. *Id*. The Supreme Court has adopted the lodestar as the measure of reasonable fees to which a prevailing party is entitled under § 1988. *City of Burlington v. Dague*, 505 U.S. 557, 560 (1992). The lodestar figure "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433; *see also, Ficher*, 214 F.3d at 1119 ("when the applicant for a fee has carried the burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee . . ."); *Blum v. Stevenson*, 465 U.S. 886, 897 (1984).

**E. The Amount of Attorneys' Fees Requested Is Reasonable.**

The Court determines the amount of attorneys' fees to be awarded using a two-step process. *See, Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006); *McGrath v. County of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995). The first step is to calculate the "lodestar figure" by taking the number of hours reasonably expended on the litigation and multiplying it by a

1  reasonable hourly rate. *Ballen*, 466 F.3d at 746; *McGrath*, 67 F.3d at 252; *Chuong Van Pham v.
2  City of Seattle*, *Seattle City Light*,159 Wn.2d 527, 538, 151 P.3d 976 (2007).  The Court should
3  then decide whether to adjust the lodestar figure up or down based on any *Kerr* factors which
4  have not already been subsumed in the lodestar calculation.[1]  *Ballen*, 466 F.3d at 746; *McGrath*,
5  67 F.3d at 252.  The defense alleges that Family PAC's request for fees uses billing rates not
6  comparable to rates in the district for firms of its attorneys' size, for attorneys as well as for law
7  clerks.  They also allege that billing worksheets do not segregate the claim that Family PAC
8  partially prevailed on from the claims it lost.  They also assert that the worksheets covered
9  duplicative and overstaffed work and for time that was performed by an attorney that should
10 have been performed by legal assistants.  Finally, defendants question the billing of travel time at
11 full rate, which they allege is not the standard in the district and include time for preparing pro
12 hac vice application "motions," which is unnecessary in this district.

13      Once the fee applicant has come forward with evidence demonstrating the reasonableness
14 of the hours sought, "the party opposing the fee application has a burden of rebuttal that requires
15 submission of evidence to the District Court challenging the accuracy and reasonableness of the .
16 . . facts asserted by the prevailing party in its submitted affidavits."  *Camacho v. Bridgeport
17 Financial, Inc.*, 523 F.3d 973, 980 (9th Cir. 2008).  The plaintiffs have submitted a declaration
18 attesting that all of the services performed by the attorneys at the Bopp law firm "were
19 reasonably and necessarily performed in plaintiffs' cause."  Plaintiff's counsel has exercised

---

[1] The twelve *Kerr* factors are:  (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.  *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976).  These considerations are consistent with Washington Rule of Professional Conduct 1.5.

billing judgment in a good faith effort to eliminate excessive, redundant, or otherwise unnecessary hours. *Hensley*, 461 U.S. at 434. In addition, plaintiff's counsel reviewed its work product and exercised judgment to exclude hours expended on unsuccessful claims, as reflected on its billing statements. Upon review, the Court notes the Bopp law firm already declined to charge, in its billing judgment, for multiple billings.

1. Reasonableness of Hourly Rates.

The moving party bears the burden of proof as to the prevailing market rate. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001) (quoting *Blum*, 465 U.S. at 895 n. 11), "The established standard is the 'rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation'." *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997). In addition to considering affidavits and evidence submitted by the parties, the court may "rely on its own familiarity with the legal market." *Ingram v. Oroudjian,* 647 F.3d 925, 928 (9th Cir. 2011).

Family PAC has complied with the above standards by requesting rates ranging from $150 to $450, depending upon the experience and specialization of the particular attorney. These rates are comparable to the rates which these attorneys typically charge and are reasonable and appropriate for attorneys of such qualifications and experience in the Western District of Washington. Based on the Court's own knowledge of the legal market and the representations of Steven T. O'Ban the rates are comparable to those charged for attorneys of comparable experience and expertise in the Washington market. The rates are reasonable.

2. Reasonable Hours.

*a. Defendants' claim that work performed by law clerks are charged at too high a rate.*

Mr. O'Ban in his second Declaration [Dkt. #122] opines that law school graduates waiting admission to the bar, when employed as law clerks and performing the services such as

performing legal research and drafting filings for attorney approval are billed at $150 to $155 per hour.  The defendants argue that any time billed for an individual waiting bar admission should be rejected.  The Court rejects the defendant's claim.  No deduction will be made on this claim.

    *b.  Legal support tasks performed by lawyers.*

The Court has reviewed the Declaration of Tracy Guinotte, Attachment A (District Court) [Dkt. #130] and has selected entries from worksheets that will be disallowed from fees as follows:

- Prepare civil coversheet & attachment, Summons     $135.00
- Prepare pro hac vice motions     $220.00
- E-mail to process server attaching documents to be served     $ 82.50
- E-mail to process server answering questions     $ 55.00
- Review e-mails from process server re served documents     $ 82.50
- Create contact list     $ 82.50
- Prepare case binder for hearing, quick review of cases     $220.00
- Phone call with court reporter re ordering transcript     $ 52.00

Attachment C to Quinotte Declaration:  Legal Support Tasks Performed by Lawyers -- Appeallate Case.

- Billing ID 235564 – Call FedEx to cancel original shipment, print new shipping label     $67.50
- Billing ID 24077 – Troubleshooting formatting Problems with TOC     $22.50

Attachment D to Quinotte Declaration:  Costs Requested in District Court Case

- Scott Bieniek – no description     $21.00

1        •   Jeffrey Gallant – Fees (no description)          $174.00

2    All other claims for deduction in the Declaration of Tracy Quinette are rejected.

3    c. *Fees incurred for administration and unnecessary work in preparing several pro hac vice "motions" as well as work associated with the pro hac vice status.*

Family PAC seeks over $1,900 for preparing "pro hac vice" motions for six firm attorneys. The attorneys' fee request in this regard is reduced to $200, deducting $1,700.

   d. *Travel time.*

At paragraph 15 of Declaration of James Bopp, Jr. in support of Plaintiff's Motion for Attorneys' Fees [Dkt. #117], states:

> In order to ensure that clients or defendants are not over-charged for travel time, the attorneys in my firm bill a standard ten hours per day when they are out of town for a case, regardless of whether they were actually in transit on those days. They also make every effort to use time spent waiting for or traveling on airplanes productively by reviewing case materials, preparing for the event to which they are traveling, or other similar activities. Because actual work time quickly exceeds 12 hours or more on days outside the office, the 10-hour standard represents a sizeable undercharge from the actual billable hours expended. When a lawyer travels for one client, he incurs an opportunity cost that is equal to the fee he would have charged that or another client if he had not been traveling.

*Henry v. Webermeier*, 738 F.2d 188, 194 (7th Cir. 1984); *see also Saldana-Neily v. Taco Bell of America, Inc.*, 2008 WL 793872, *8 (N.D. Cal. Mar. 24, 2008) (finding it proper to award attorneys fees for travel time based upon lost opportunity). The Court concludes the request for travel time is not unreasonable.

### III. CONCLUSION

For the foregoing reasons, the rates charged are reasonable and, with certain exceptions as noted above, the hours incurred are reasonable. Accordingly, plaintiff is awarded attorneys

1 | fees and expenses of $146,073.12 ($148,987.62 - $2,914.50 deduction), due and payable within

2 | 30 days of the date of this order.

3 | Dated this 5th day of July, 2012.

*[signature: Ronald B. Leighton]*

Ronald B. Leighton
United States District Judge